IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20258
Conference Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MANUEL SAUCEDA, also known as
Manuel Sauceda,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-130-1
- - - - - - - - - -

February 10, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Appellant Juan Manuel Sauceda appeals his conviction for
conspiracy to possess with intent to distribute cocaine. Sauceda
argues that his counsel was ineffective for failing to tell him,
prior to Sauceda taking the stand in his own defense, that the
district court, rather than the jury, would be sentencing him.
Sauceda contends that he testified so that the jury would

_____

[*]This matter is being decided by a quorum. 28 U.S.C. §
46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

mitigate his sentence. "As a general rule, Sixth Amendment claims of ineffective assistance of counsel cannot be litigated on direct appeal, unless they were adequately raised in the district court." United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995). The court will reach the merits of the claim only "in rare cases where the record [allows the court] to evaluate fairly the merits of the claim." United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987).

This is not one of those "rare cases." We decline to review this claim because it was not adequately raised before the district court. We therefore AFFIRM the judgment, but without prejudice to a subsequent motion under 28 U.S.C. § 2255. We express no view on the merits of such motion.

AFFIRMED.